PER CURIAM.
James Kelly filed this petition for writ of certiorari seeking review of a circuit court order that summarily affirmed two traffic court civil adjudications. We grant the petition because the circuit court entered an expedited affirmance pursuant to Florida Rule of Appellate Procedure 9.315(a), even though Mr. Kelly’s initial brief clearly demonstrated “a preliminary basis for reversal.” On remand, the circuit court should order the state to produce an audible recording of the traffic proceeding. If the state cannot produce an audible recording and the parties cannot present an adequate statement of the proceedings, the adjudications must be reversed and remanded to the county court for a hearing de novo.
Mr. Kelly received a citation on June 4, 1993, because he allegedly was operating a motor vehicle without a certificate of registration and proof of insurance. §§ 320.0605, 316.646, Fla.Stat. (1991). He chose to contest the citation, arguing that the vehicle was owned by “the Embassy of Heaven Church of Sublimity” and properly registered in the state of Oregon. Section 320.37, Florida Statutes (1991), exempts nonresident owners of vehicles driven in Florida from this state’s registration laws if the owner is in compliance with the registration requirements of his or her home state.[1] Section 316.646 does not apply to a driver who is not the owner of the car.
After taking testimony in the contested infraction hearing, the county court entered adjudications against Mr. Kelly, and he appealed to circuit court. Mr. Kelly’s initial brief in the circuit court appeal cites to the audio recording of the hearing and argues that the evidence is unrefuted that he presented an Oregon registration to the officer establishing that the vehicle was owned by the Embassy. The circuit court summarily affirmed the appeal before a brief was filed by the state on the ground that Mr. Kelly’s brief demonstrated no preliminary basis for reversal. We note that the circuit court did not dismiss the appeal for lack of an adequate record or give Mr. Kelly the opportunity to prepare a statement of the proceedings in lieu of a transcript. See Fla.R.App.P. 9.200(b)(4).
If the record of the traffic hearing substantiates Mr. Kelly’s representations, his brief contains a preliminary basis for relief, and the circuit court departed from the essential requirements of law by summarily affirming the appeal. Unfortunately, the tape recording in the record is inaudible.
*1316 In most civil traffic court proceedings, it is the responsibility of the parties to tape-record the hearing. Fla.R.Traf.Ct. 6.460(b). In this certiorari proceeding, Mr. Kelly has filed an affidavit stating that he attempted to record the proceeding, but the traffic court judge informed him that the matter would be recorded by the court because it was heard in conjunction with a criminal traffic case. See Fla.R.Jud.Admin. 2.070(b). The inaudible tape in our record appears to be a tape prepared by the state. Thus, we conclude that Mr. Kelly has fulfilled his obligation to present an adequate record in this certiorari proceeding, and that the circuit court summarily affirmed the traffic court by rejecting Mr. Kelly’s representations and relying upon an inaudible tape recording. See J.E. v. State, 404 So.2d 845 (Fla. 5th DCA 1981).
Certiorari granted, order of the circuit court quashed, and remanded with directions consistent with this opinion.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.

. We note that the traffic citation issued by the arresting officer states that the license plate was issued by the state of "Heaven.” Thus, an interesting disputed issue must have been resolved at the traffic court hearing.